UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER ROBERSON,

    Plaintiff,

v.                                       Case No. 3:22-cv-1037-MMH-PDB

VIKAS CRAWFORD,

    Defendant.

## ORDER

Plaintiff Christopher Roberson, an inmate of the Florida penal system, initiated this action on September 16, 2022, by filing a pro se Civil Rights Complaint (Complaint; Doc. 1-1) with exhibits (Docs. 1-2 through 1-3).[1] In the Complaint, Roberson names Dr. Vikas Crawford as the Defendant. Roberson asserts that Dr. Crawford acted with deliberate indifference in violation of the Eighth Amendment when he "maliciously and sadistically" prescribed Meloxicam to Roberson on March 25, 2021, and renewed the prescription on June 23, 2021. Complaint at 3. According to Roberson, he went to a"[m]edical call out" on March 25, 2021, but arrived late. Id. at 4. He alleges that Dr. Crawford chastised him, and stated, "All you inmates cry about minor

---

[1] In referencing documents filed in this case, the Court will cite the document page numbers as assigned by the Court's Electronic Case Filing System.

problems when they aren't as big as you say they are. You're a bunch of cry babies." Id. Dr. Crawford then said, "I got some good medication for you, so you can get out of my office." Id. Dr. Crawford prescribed Meloxicam to Roberson, telling him that the medication would treat his arthritis and "change [his] life." Id. at 5. Roberson avers he experienced pain in his body "weeks later." Id. Dr. Crawford ordered blood tests on July 19, 2021, and the results showed Roberson had high creatinine levels. Dr. Crawford ordered additional blood tests on August 14, 2021. Id. After reviewing the results, Dr. Crawford told Roberson that the Meloxicam had destroyed his kidneys. Id. He allegedly stated, "Since the medication has destroyed your kidneys, I think the meds [are not] working like I expected it to." Id. Roberson contends he now has anemia due to kidney failure. Id. at 6. As relief, he requests a declaratory judgment, $3,000,000 in compensatory damages, $3,000,000 in punitive damages, and fees and costs. Id. at 7.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.[2] See 28

---

[2] Roberson requests to proceed as a pauper. See Doc. 2.

2

U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[3] Mitchell v.

---

[3] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

3

Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-

4

63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]"

5

which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

As it relates to medical care, "the Supreme Court has held that prison officials violate the bar on cruel and unusual punishments when they display 'deliberate indifference to serious medical needs of prisoners.'" Keohane v. Fla. Dep't of Corr. Sec'y, 952 F.3d 1257, 1265 (11th Cir. 2020) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). To prevail on a deliberate indifference claim, a plaintiff must show: "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306-07 (11th Cir. 2009). The Eleventh Circuit has explained:

> "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). To meet the first prong, the plaintiff must demonstrate an "objectively serious medical need"—i.e., "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," and, in either instance, "one that, if left unattended, poses a substantial risk of serious harm." Id. (alteration adopted) (quotations omitted).

6

> To satisfy the second, subjective prong, the plaintiff must prove that the prison officials "acted with deliberate indifference to [his serious medical] need." Harper v. Lawrence Cty., 592 F.3d 1227, 1234 (11th Cir. 2010) (quotation omitted). "To establish deliberate indifference," a plaintiff must demonstrate that the prison officials "(1) had subjective knowledge of a risk of serious harm; (2) disregarded that risk; and (3) acted with more than gross negligence." Id. (quotation omitted).[4] An inmate-plaintiff bears the burden to establish both prongs. Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007).

Hoffer v. Sec'y, Fla. Dep't of Corr., 973 F.3d 1263, 1270 (11th Cir. 2020) (footnote omitted; emphasis added). For medical treatment to rise to the level of a constitutional violation, the care must be "'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Id. at 1271 (quoting Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991)); see also Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989) (stating "[g]rossly incompetent or inadequate care can constitute

---

[4] The Eleventh Circuit has recognized "a tension within [its] precedent regarding the minimum standard for culpability under the deliberate-indifference standard." Hoffer v. Sec'y, Fla. Dep't of Corr., 973 F.3d 1263, 1270 n.2 (11th Cir. 2020). The court stated that the "competing articulations –'gross' vs. 'mere' negligence"– may be "a distinction without a difference" because "no matter how serious the negligence, conduct that can't fairly be characterized as reckless won't meet the Supreme Court's standard." Id.; Patel v. Lanier Cnty. Ga., 969 F.3d 1173, 1188 n.10 (11th Cir. 2020).

7

deliberate indifference . . . , as can a doctor's decision to take an easier and less efficacious course of treatment" or fail to respond to a known medical problem).

However, the law is well settled that the Constitution is not implicated by the negligent acts of corrections officials and medical personnel. <u>Daniels v. Williams</u>, 474 U.S. 327, 330-31 (1986); <u>Davidson v. Cannon</u>, 474 U.S. 344, 348 (1986) ("As we held in <u>Daniels</u>, the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."). A complaint that a physician has been negligent "in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." <u>Bingham</u>, 654 F.3d at 1176 (quotation marks and citation omitted). Moreover, the Eleventh Circuit has noted that "[n]othing in our case law would derive a constitutional deprivation from a prison physician's failure to subordinate his own professional judgment to that of another doctor; to the contrary, it is well established that 'a simple difference in medical opinion' does not constitute deliberate indifference." <u>Bismark v. Fisher</u>, 213 F. App'x 892, 897 (11th Cir. 2007) (quoting <u>Waldrop</u>, 871 F.2d at 1033). Similarly, "the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and

8

therefore not an appropriate basis for grounding liability under the Eighth Amendment." Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995) (citation omitted). In sum, the Eleventh Circuit has stated:

> A prisoner bringing a deliberate-indifference claim has a steep hill to climb. We have held, for instance, that the Constitution doesn't require that the medical care provided to prisoners be "perfect, the best obtainable, or even very good." Harris, 941 F.2d at 1510 (quotation omitted).[5] Rather, "[m]edical treatment violates the [E]ighth [A]mendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. at 1505 (quotation omitted). We have also emphasized—as have our sister circuits—that "a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment [fails to] support a claim of cruel and unusual punishment." Id.; accord, e.g., Lamb v. Norwood, 899 F.3d 1159, 1162 (10th Cir. 2018) ("We have consistently held that prison officials do not act with deliberate indifference when they provide medical treatment even if it is subpar or different from what the inmate wants."); Kosilek v. Spencer, 774 F.3d 63, 82 (1st Cir. 2014) (en banc) ("[The Eighth Amendment] does not impose upon prison administrators a duty to provide care that is ideal, or of the prisoner's choosing.").

Keohane, 952 F.3d at 1266.

---

[5] Harris v. Thigpen, 941 F.2d 1495 (11th Cir. 1991).

Here, Roberson fails to allege facts permitting the reasonable inference that Dr. Crawford actually knew Roberson faced a substantial risk of serious harm but disregarded that risk. While Roberson makes the conclusory allegation that Dr. Crawford "maliciously" prescribed Meloxicam to harm him, see Complaint at 3, he presents no factual allegations plausibly supporting such a conclusion. To the extent Roberson arrives at such a conclusion based on Dr. Crawford's March 25th statements chastising Roberson for his tardiness and describing inmates as "cry babies," the statements, at most, demonstrate a poor "bedside manner" and do not support "an inference of deliberate indifference." Bismark, 213 F. App'x at 897.

Roberson's allegations also do not support a claim that he received medical care "so grossly incompetent . . . as to shock the conscience." Hoffer, 973 F.3d at 1271. As exhibits to the Complaint, Roberson provides a grievance and response related to the kidney disease that he allegedly sustained as a result of the Meloxicam prescription. In the grievance, Roberson contends that Dr. Crawford stated, after he reviewed the results of blood tests, he knew "something wasn't right" because Roberson previously had "stab[]le" test results. Doc. 1-2 at 4. According to Roberson, Dr. Crawford allegedly admitted the Meloxicam had not worked as he expected it to work. Complaint at 5.

10

Taking Roberson's allegations as true, as the Court must, Dr. Crawford discontinued Meloxicam and ordered a blood test when he became aware that the Meloxicam did not benefit Roberson as Dr. Crawford had hoped that it would. His assertions sound in negligence, if at all, which "does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle, 429 U.S. at 106. As such, Roberson has failed to plead facts sufficient to nudge his claim of deliberate indifference "across the line from conceivable to plausible." Twombly, 550 U.S. at 547. In light of the foregoing, this case is due to be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of November, 2022.

*/s/ Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

11

Jax-9 10/24
C:      Christopher Roberson #R20924